**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**COURT FILE NO.:**

SEANE SHAFER,

                Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation,

                Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**<u>JURISDICTION</u>**

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**<u>VENUE</u>**

3.    Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

**<u>PARTIES</u>**

4.    Plaintiff, Seane Shafer, is a natural person who resides in the City of Denver, County of Denver, State of Colorado.

5.    The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant, NCO Financial Systems, Inc., is a Pennsylvania corporation operating from an address at 507 Prudential Road, Horsham, Pennsylvania, 19044.

7.      The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.      The Defendant is licensed as a collection agency by the state of Colorado.

9.      The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10.     Sometime before December 2007 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

11.     The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.     The Account went into default with the original creditor.

13.     Sometime after the Account went into default the Account was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

## DEFENDANT

14.     In the year prior to the filing of the instant action the Plaintiff received telephone calls and voicemail messages from representatives, employees and / or agents of the Defendant who were attempting to collect the Account. The Plaintiff called the Defendant in response to the telephone calls and voicemail messages. These telephone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

15.     During the telephone calls representatives, employees and / or agents of the Defendant attempting to collect the Account repeatedly called the Plaintiff multiple times a day on the Account to annoy, abuse and harass the Plaintiff including after the Plaintiff repeatedly told the representatives, employees and / or agents of the Defendant to stop calling and harassing her multiple times a day on the Account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(5), 1692e preface, e(10) and 1692f preface.

16.     During the telephone calls representatives, employees and / or agents of the Defendant attempting to collect the Account repeatedly called the Plaintiff before 8 am Mountain Standard Time including calling the Plaintiff at or around 7:27 am and 7:46 am on or about February 5, 2008. These actions constitute violations of the FDCPA including but not limited to 1692c(a)(1), 1692d preface, 1692e preface, e(10) and 1692f preface.

17.     During the telephone calls representatives, employees and / or agents of the Defendant attempting to collect the Account called the Plaintiff at or around 11:33 am, 12:13 pm, 12:41 pm, 1:38 pm, 3:07 pm and 8:02 pm on or about February 6, 2008. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(5), 1692e preface, e(10) and 1692f preface.

18.     During the telephone calls representatives, employees and / or agents of the Defendant attempting to collect the Account called the Plaintiff at or around 8:13 am, 10:44 am, 11:29 am, 11:53 am, 12:13 pm, 1:06 pm, 3:07 pm, 4:00 pm, 5:20 pm and 5:22 pm on or about February 8, 2008. These actions constitute

violations of the FDCPA including but not limited to 1692d preface, d(5), 1692e preface, e(10) and 1692f preface.

19.     The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

20.     The Defendant and its representatives, employees and / or agents above listed actions constitute illegal communication in connection with debt collection and therefore violate FDCPA 1692c(a)(1).

21.     The Defendant and its representatives, employees and / or agents above listed actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(5).

22.     The Defendant and its representatives, employees and / or agents above listed actions constitute deceptive or misleading means in connection with the collection of a debt and violate FDCPA 1692e preface and e(10).

23.     The Defendant and its representatives, employees and / or agents above listed actions involve unfair practices in collecting a debt and therefore constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

24.     The Defendant's actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying her alleged debt.

25.     The Defendant's actions as well as that of its representatives, employees and / or agents were willful, wanton and malicious violations of the FDCPA.

26.     As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## RESPONDEAT SUPERIOR

27.     The representatives and / or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

28.     The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

29.     As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

30.     The previous paragraphs are incorporated into this Count as if set forth in full.

31.     The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692c(a)(1), § 1692d preface, d(5), § 1692e preface, e(10) and 1692f preface.

32.     The Defendant's violations are multiple, willful and intentional.

33.     Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages,

statutory damages up to $1,000.00, reasonable attorney's fees and costs.


## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.     Actual damages under 15 USC § 1692k(a)(1).

2.     Statutory damages under 15 USC § 1692k(a)(2)(A).

3.     Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4.     Such other and further relief as the Court deems just and proper.

Respectfully submitted,


 s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff